UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALAN M. DERSHOWITZ,<br><br>      Plaintiff<br>v.<br><br>SHELDON J. SCHLESINGER,<br>S.J. SCHLESINGER, P.A.,<br>ROBERT M. MONTGOMERY,<br>MONTGOMERY & LARMOYEUX,<br>ROBERT G. KERRIGAN, and KERRIGAN,<br>ESTESS, RANKIN & MCLEOD, LLP,<br><br>      Defendants | Civil Action No. 00 CV 11522 JLT |

### THE SCHLESINGER DEFENDANTS' ANSWER
### AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Pursuant to Rules 8(b) and 12(a)(4)(A) of the Federal Rules of Civil Procedure, Defendants Sheldon J. Schlesinger and S.J. Schlesinger P.A. (the "Schlesinger Defendants") hereby submit the following answer and affirmative defenses to the Complaint in the above-entitled action. The responses set forth in the Answer are to the corresponding numbered paragraphs in the Complaint.

### ANSWER

#### Summary of the Action

1.     The allegations set forth in the first sentence of paragraph 1 are denied, except that the Schlesinger Defendants admit that they were involved in a dispute with the State of Florida over legal fees in connection with tobacco litigation for the State. The allegations set forth in the second and third sentence of paragraph 1 are denied. The allegations set forth in the fourth, fifth and sixth sentences of paragraph 1 are denied.

The allegations set forth in the seventh and eighth sentences of paragraph 1 are denied to the extent that they suggest that plaintiff was ever entitled to any bonus or that the Schlesinger Defendants somehow concealed from the plaintiff their position that they did not intend to pay the plaintiff any bonus. The remaining allegations in paragraph 1 are denied. By way of further response, the Schlesinger Defendants refer to the Amended Complaint in <u>Law Offices of Sheldon Schlesinger, et al. v. Dershowitz</u>, Case No. 00-8702-CIV-DIMITROULEAS, filed in the United States District Court for the Southern District of Florida and attached hereto as Exhibit 1.

## Jurisdiction and Venue

2.  The allegations set forth in paragraph 2 assert a legal conclusion to which no response is required. The Schlesinger Defendants deny the allegations of this paragraph to the extent that they suggest that this court has personal jurisdiction over them.

3.  Denied.

## Parties

4.  The Schlesinger Defendants admit that the plaintiff is a Professor at the Harvard Law School. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations set forth in paragraph 4.

5.  Admitted.

6.  Admitted.

7.  Admitted.

8.  Admitted.

9.  Admitted.

10. Admitted.

11.     The Schlesinger Defendants admit that in late 1997, Schlesinger had a telephone conversation with the plaintiff regarding the fee dispute with the State of Florida in the tobacco litigation. This conversation involved the possibility of the plaintiff becoming involved as an attorney in said dispute. Otherwise, the allegations set forth in paragraph 11 are denied.

12.     The Schlesinger Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first three sentences paragraph 12, except that the Schlesinger Defendants deny those allegations to the extent that they suggest that defendant Kerrigan was in any way speaking on behalf of, representing, or otherwise authorized to engage in any negotiations for the Schlesinger Defendants. The Schlesinger Defendants deny the allegations set forth in the final sentence of paragraph 12. Further answering, upon information and belief, the Schlesinger Defendants deny each and every one of the allegations set forth in paragraph 12.

13.     The Schlesinger Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 13, except that the Schlesinger Defendants deny the allegations in this paragraph to the extent that they suggest that the Schlesinger Defendants ever agreed to pay the plaintiff a "bonus for success" in connection with the Florida litigation. The Schlesinger Defendants further deny the allegations set forth in this paragraph to the extent that they suggest that defendant Kerrigan was in any way speaking on behalf of, representing, or otherwise authorized to engage in any negotiations for the Schlesinger Defendants. Further

answering, upon information and belief, the Schlesinger Defendants deny each and every one of the allegations set forth in paragraph 13.

14. The Schlesinger Defendants deny the allegations set forth in the first two sentences of paragraph 14. The Schlesinger Defendants admit that they received the letter attached to the Complaint at Exhibit A. The Schlesinger Defendants further state that the document attached to the Complaint as Exhibit A speaks for itself. Otherwise, the allegations set forth in the final sentence of paragraph 14 are denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. The Schlesinger Defendants admit that they refused to pay any bonus monies to plaintiff and that defendant Schlesinger informed plaintiff that he had no basis to seek a bonus in this case. Otherwise, the allegations in this paragraph are denied.

20. Denied.

21. The Schlesinger Defendants deny the allegations set forth in the first sentence of paragraph 21. With respect to the allegations set forth in the second sentence of paragraph 21, the Schlesinger Defendants state that that Florida lawsuit speaks for itself. The Schlesinger Defendants deny the allegations set forth in the third and fourth sentences of paragraph 21. The Schlesinger Defendants admit that an article regarding their dispute with the plaintiff appeared in the Boston Herald on July 18, 2000. Otherwise, the Schlesinger Defendants lack knowledge or information sufficient to form

a belief as to the truth or falsity of the allegations set forth in the final sentence of paragraph 21.

22. Denied.

### Count I: Breach of Contract

23. The Schlesinger Defendants hereby repeat and incorporate by reference their above responses to the allegations set forth in paragraphs 1 through 21.

24. Denied.

25. Denied.

### Count II: Claim for Fraud

26. The Schlesinger Defendants hereby repeat and incorporate by reference their above responses to the allegations set forth in paragraphs 1 through 24.

27. Denied.

28. Denied.

29. Denied.

### Count III: Claim for Violations of M.G.L. c. 93A

30. The Schlesinger Defendants hereby repeat and incorporate by reference their above responses to the allegations set forth in paragraphs 1 through 28.

31. Denied.

32. Denied.

33. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### Second Affirmative Defense

The Complaint should be dismissed for improper venue.

### Third Affirmative Defense

The Complaint should be dismissed because this Court lacks personal jurisdiction over the Schlesinger Defendants.

### Fourth Affirmative Defense

Plaintiff has sustained no damages.

### Fifth Affirmative Defense

If plaintiff has been damaged, it is by reason of the acts or omissions of plaintiff or some third party, not by reason of anything the Schlesinger Defendants did or failed to do.

### Sixth Affirmative Defense

Plaintiff's claims are barred by the doctrines of laches.

### Seventh Affirmative Defense

Plaintiff's claims are barred by the doctrine of estoppel.

### Eighth Affirmative Defense

Plaintiff's claims are barred by the doctrine of waiver.

### Ninth Affirmative Defense

Plaintiff cannot demonstrate certain contractual obligations on which he purports to sue.

### Tenth Affirmative Defense

Plaintiff cannot show that any contract on which he purports to sue is supported by adequate consideration.

### Eleventh Affirmative Defense

Plaintiff's contract claim must fail because the plaintiff failed to perform his obligations under any alleged contract.

### Twelfth Affirmative Defense

Plaintiff's claims are void as against public policy.

### Thirteenth Affirmative Defense

The contract upon which plaintiff purports to sue violates controlling law, including controlling ethical standards of conduct.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred by applicable Statutes of Frauds.

### Fifteenth Affirmative Defense

Plaintiff is guilty of unclean hands.

### Sixteenth Affirmative Defense

Plaintiff's claims are internally inconsistent.

### Seventeenth Affirmative Defense

The actions and transactions alleged by the plaintiff did not occur primarily and substantially within Massachusetts as required under Mass. Gen. L. ch. 93A.

### Eighteenth Affirmative Defense

The plaintiff failed to comply with the jurisdictional and procedural requirements of Mass. Gen. L. ch. 93A.

### Nineteenth Affirmative Defense

The parties were not engaged in "trade or commerce" within the meaning of Mass. Gen. L. ch. 93A.

### Twentieth Affirmative Defense

The plaintiff has not "suffer[ed] any loss of money or property" within the meaning of Mass. Gen. L. ch. 93A.

### Twenty-First Affirmative Defense

Plaintiff's claims fail to comply with Fed. R. Civ. P. 9(b).

### Twenty-Second Affirmative Defense

Plaintiff's claims are barred by plaintiff's own prior breach and failure to perform on the alleged contract.

### Twenty-Third Affirmative Defense

Plaintiff cannot recover for breach of contract because there was no agreement and no meeting of the minds regarding numerous necessary terms.

### Twenty-Fourth Affirmative Defense

Plaintiff is barred, in whole or in part, from asserting his claims because the conduct complained of was privileged.

### Twenty-Fifth Affirmative Defense

Plaintiff is barred, in whole or in part, from asserting his claims as such claims were filed for the illegitimate purposes to harass and embarrass the Schlesinger Defendants and to damage their professional reputations.

### Twenty-Sixth Affirmative Defense

Plaintiff is barred, in whole or in part, from asserting his claims as such claims were filed without any substantive basis.

### Twenty-Seventh Affirmative Defense

The plaintiff has released, settled, entered into accord and satisfaction or otherwise compromised his claims herein.

### Twenty-Eighth Affirmative Defense

The Schlesinger Defendants reserve the right to amend their answer to add such other further defenses and/or counterclaims as become available and apparent during the course of discovery in this action.

WHEREFORE, Defendants Sheldon J. Schlesinger and S.J. Schlesinger, P.A. respectfully request that this Court grant judgment dismissing all claims asserted by the plaintiff with prejudice and costs, along with such other and further relief as is just.

## DEMAND FOR JURY TRIAL

Defendants Sheldon J. Schlesinger and S.J. Schlesinger, P.A. hereby demand a trial by jury on all claims so triable.

Respectfully submitted,

Michael A. Collora (BBO #092940)
Daniel J. Cloherty (BBO #565772)
Eve M. Slattery (BBO #634776)
DWYER & COLLORA LLP
600 Atlantic Avenue
Boston, MA  02210
(617) 371-1000

*Counsel for Defendants*
*Sheldon J. Schlesinger and Sheldon J. Schlesinger, P.A.*

DATED:     December 18, 2000

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on 12/18/00